**UNITED STATES DISTRICT COURT**
**District of New Jersey**

<div style="float:left">

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

</div>

<div style="float:right">

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

</div>

**NOT FOR PUBLICATION**

**LETTER OPINION**

October 21, 2008

Josephine Gottesman
24 Commerce Street
Suite 1427
Newark, New Jersey 07102

Jennifer S. Rosa
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278

      Re:    **Gottesman v. Mason, et al., No. 08-3884 (JLL)**

Dear Counsel:

      This matter is before the Court by way of the Social Security Administration's (the "SSA") response to this Court's August 5, 2008 Order to Show Cause ("OTSC"). The OTSC directed the SSA to show cause why this Court should not order the SSA to reopen its review of the attorney's fee awarded to Plaintiff Josephine Gottesman ("Plaintiff" or "Gottesman") for her representation of Defendant Michael F. Kerr ("Kerr") in connection with his application for Social Security Income ("SSI") and disability insurance benefits ("DIB"). This Court has considered the submissions of the parties and decides the matter without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, the Court denies Gottesman's claim regarding a lack of procedural due process and dismisses the case.

**I.**      **Factual and Procedural History**

      The facts recited herein are culled from all of Plaintiff's original filings – including her complaint and order to show cause – as well as from the SSA's response to this Court's OTSC (including all attached exhibits) and Plaintiff's subsequent reply.

1

On June 10, 2005, Defendant Kerr applied for SSI and DIB.  On September 27, 2005, Judith Starkey filed an Appointment of Representative form in which she (i) indicated that she was not an attorney and (ii) agreed to advocate for Kerr without collecting a fee.  The SSA approved Kerr's application for DIB and SSI on July 18, 2006.[1]

One week later, on July 25, 2006, Gottesman, a private attorney, sent the SSA a fee agreement between herself and Kerr, dated July 17, 2006.  With this agreement, Kerr retained Gottesman as his attorney to aid in his application for SSI and DIB.  The agreement set out a fee equal to the lesser of 25 percent of Kerr's past due benefits awarded or $5,300, pursuant to 42 U.S.C. § 406(a)(2)(A).

Also on July 25, 2006, Gottesman sent the SSA an Appointment of Representative form, executed on July 20, 2006.  On this form, Gottesman listed her address as 540 Bordentown Avenue, Suite 4000, South Amboy, New Jersey, 08879 (the "South Amboy Address").  On the cover letter accompanying the form, the letterhead listed the South Amboy Address as well as a New York address but it expressly stated at the top of the letter that all correspondence should be sent to the South Amboy Address.

On August 8, 2006, Gottesman sent a letter to Kerr stating that she had been advised by the SSA that his SSI application had been approved, but that she had not yet received written confirmation of the award.

On August 28, 2006, SSA sent a Notice of Award letter to Defendant Kelly A. Mason ("Mason"), representative payee for Kerr.  In this letter, SSA stated, "Your representative told us that a fee will not be charged.  If a fee is charged, your representative must receive approval from the Social Security Administration."

The next day, the SSA issued a check to Gottesman for $2,261.44 from Kerr's past-due SSI benefits (the "August check").  Gottesman cashed the August check on September 12, 2006.  On September 19, 2006, the SSA issued a check to Gottesman for $2,963.56 from Kerr's past due DIB benefits (the "September check").  Gottesman cashed this check on September 25, 2006.[2]

---

[1]  On Kerr's Disability Determination, the SSA noted that Starkey was Kerr's non-attorney representative.

[2]  In her original submission to the Court, Plaintiff asserted that she only received $2,2661.44 from the SSA in connection with her representation of Kerr – not the full $5,225 the SSA claimed she received.  Only after the SSA submitted copies of both checks did Gottesman note that she had received – and cashed – both checks, stating only that "Counsel stands corrected as to how much was received by her in connection with this matter."  Aff. in Further Support of Order to Show Cause, ¶ 2.

Prior to these dates, in a letter dated September 7, 2006, the SSA informed Kerr that a check for his SSI benefits was being sent to Defendant Kelley Mason ("Mason"), Kerr's representative payee. The SSA further stated that it was sending a copy of the September 7th letter to Gottesman.

On the day the SSA issued the September check, Mason wrote to the SSA in protest of the fee paid to Gottesman and requested from Gottesman an inventory of the time she spent on Kerr's application. At the same time, Mason submitted a Request for Reconsideration of the attorney fee determination. Mason stated that because Kerr's application had been approved prior to the time that Gottesman worked on it, Gottesman was not entitled to fees in the amount paid to her. Both the letter and the form were received at the Woodbridge, New Jersey district office.

In November of 2006, Plaintiff moved her office from the South Amboy Address to an office located in Newark, New Jersey (the "Newark Address"). She alleges that prior to the move, she had requested her mail be forwarded from the South Amboy Address to the Newark Address for the period of one year. Plaintiff also claims that she placed a tape recording on her main office line stating that her phone number had changed and advising callers that she could be reached at the telephone number of the Newark Address. Plaintiff makes no allegation that she ever specifically notified the SSA of her change of address in any way.

Mason sent a second letter of protest to the SSA after having been informed by the district office that the letter sent in September had not been received. In the second letter, she acknowledged that her request was untimely, but explained that her initial letter and Request for Reconsideration, dated September 19, 2006, had not been received. The SSA District Office in Woodbridge, New Jersey stamped the second letter received on January 30, 2007.

On August 13, 2007, the SSA office in Iselin requested that Mason re-submit the Request for Reconsideration. She complied on August 27, 2007.

On March 12, 2008, the SSA sent a letter to (1) Mason, agreeing to review the attorney's fees awarded to Gottesman and (2) Gottesman at the South Amboy Address, informing her of the fee dispute. The latter letter directed Plaintiff to respond within fifteen (15) days with a description of the services she provided to Kerr. Gottesman contends she never received this letter.

After reconsideration, the SSA determined that Gottesman could charge Kerr a maximum fee of $350.00. On May 27, 2008, the SSA wrote to Mason, informing her of its decision. The letter memorializing this decision ordered Gottesman to refund Kerr fees in the amount of $4,897.05 – the difference between the initial fee determination and the latter fee determination. The SSA sent an identical letter to Gottesman at the South Amboy Address.

On July 2, 2008, Gottesman contends that she received a copy of the May 27th letter via

3

an email from Mason, requesting the ordered remittance. That same day, Gottesman wrote to the SSA, demanding that they forward Kerr's file to her so that she could respond to the fee dispute. On July 7, 2008, Plaintiff sent a similar letter to the Regional Commissioner.

———

In a letter dated July 11, 2008, the SSA Regional Communications Director ("RCD") informed Plaintiff that administrative decisions regarding an attorney fee petition are final and not appealable. Nevertheless, the RCD wrote that she would forward Gottesman's letter to the New York Regional Office for the Office of Disability Adjudication and Review ("ODAR") for its consideration. Gottesman contends she never received a copy of the file and never heard back from the RCD or ODAR.

———

On August 5, 2008, Plaintiff filed a complaint (the "Complaint") against Defendants Mason and Kerr as well as Carolyn L. Simmons in her capacity as Associate Commissioner for Central Operations of the SSA and Michael J. Astrue in his capacity as Commissioner of Social Security. She alleged, inter alia, that the SSA denied her procedural due process by failing to give her notice and allow to her respond to Kerr's appeal of the attorney fee award. Simultaneously, Plaintiff filed an Order to Show Cause, requesting a preliminary injunction, a temporary restraining order, and expedited discovery. Upon reviewing the Complaint, the Order to Show Cause, and the accompanying exhibits, the Court denied Plaintiff's request and instead issued its own Order to Show Cause, directing the SSA to show cause why the Court should not enter an order directing the SSA to reopen its review of the attorney's fee awarded to Gottesman.

## III.   Discussion

### A.   Jurisdiction

#### 1.   Statutory Analysis

Plaintiff seeks judicial review of the Commissioner of Social Security's (the "Commissioner") decision not to reopen the administrative review of the attorney's fee awarded to Gottesman in connection with her representation of Kerr. The SSA argues that this Court's jurisdiction does not extend to the subject matter of Plaintiff's action because the administrative decision as to the reduction of Gottesman's attorney's fee does not constitute a "final decision" subject to judicial review.

Federal courts are courts of limited jurisdiction and only permitted to adjudicate those cases and controversies arising under the United States Constitution or those laws enacted by Congress pursuant to Article III of the United States Constitution. Art. III, § 2; see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). "Thus, Congress may prescribe the procedures and conditions under which federal courts may review administrative orders." Bacon v. Sullivan, 969 F.2d 1517, 1519 (3d Cir. 1992). For this reason, the Court must determine whether the Social Security Act itself precludes this Court's jurisdiction.

4

An attorney providing representation for the purposes of obtaining Social Security benefits may receive fees for that representation if the attorney has entered into an agreement for fees with his or her client. 42 U.S.C. § 406(a)(2). The Commissioner provides for review of the maximum fee awarded by regulation. 42 U.S.C. § 406(a)(3)(A); see also 20 C.F.R. § 410.686b. This review may be held only after giving all parties – the client and the client's representative as well as the individual overseeing the review – (1) "reasonable notice of such request" and (2) "an opportunity to submit written information in favor or in opposition to such request." 42 U.S.C. § 406(a)(3)(A). However, once this process has been completed and a decision rendered, the decision is unreviewable. 42 U.S.C. § 406(a)(3)(C). Thus, the sections of the Social Security Act that address an attorney fee award specifically preclude judicial review of the amount of the fee.

Nor does Section 405, which sets forth those social security matters over which federal courts may exercise jurisdiction, save the action. Section 405(g) states, in pertinent part:

> Any individual, after any <u>final decision</u> of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Section 405(h) prescribes the limits of judicial review over matters having come before the Commissioner:

> The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C. § 405(h). Furthermore, the statute explicitly precludes actions brought pursuant to 28 U.S.C. § 1331, i.e., those actions "arising under the Constitution, law or treaties of the United States." 42 U.S.C. § 405(h); see 28 U.S.C. § 1331.

Despite the finality of the fee decision post-appeal, it does not constitute a "final decision" for purposes of 42 U.S.C. § 405(g). The regulations state that the determination as to "the fee that may be charged or received by a person who has represented [the claimant]" in connection with a proceeding before the Commission is "not [an] initial determination[]" and therefore is "<u>not</u> subject to judicial review." 20 C.F.R. § 404.903(f) (emphasis added); Palmer v. Barnhart, 89 Fed. Appx. 806, 809 (3d Cir. 2004) ("The fee determination under 42 U.S.C. § 406(a) is not a 'final decision' under § 405(g) which is subject to judicial review"). Thus, both because §406(a)(3)(C) precludes review and because § 405(g) does not apply, this Court lacks jurisdiction to review the amount of the fee awarded to Gottesman. Palmer, 89 Fed. Appx. at 809 ("Thus, under 405(h), federal courts may not "exercis[e] jurisdiction over the decision of the

5

Commissioner . . . fixing the fee of counsel for services rendered in administrative proceedings").

## 2.    Constitutional Claim

Although the Social Security Act explicitly precludes subject matter jurisdiction to review the amount of an attorney fee award, Gottesman argues that the Court retains jurisdiction in this case because she raises the specter of a constitutional violation of her due process rights.  In Califano v. Sanders, 430 U.S. 99 (1977), the Supreme Court recognized the "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed" and declined to foreclose jurisdiction unless "Congress' intent to do so is manifested by clear and convincing evidence."  Id. at 109.  Thus, the Sanders Court recognized that 42 U.S.C. § 405(g) did not act to bar constitutional questions regarding review of the Secretary's decision.  As such, a district court does have jurisdiction to review an action which raises a colorable constitutional claim.  Penner v. Schweiker, 701 F.2d 256, 260 (3d Cir. 1983) (constitutional argument that claimant was denied due process by not receiving effect notice sufficed to confer jurisdiction on district court to review Secretary's decision).

Importantly, other circuits, in the context of attorney fee awards administered under the Social Security Act, have concluded that jurisdiction exists to hear constitutional challenges to the process underpinning the award itself.  In Cordoba v. Massanari, 256 F.3d 1044 (10th Cir. 2001), the Tenth Circuit found that the Social Security Act did not supply "clear and convincing" evidence precluding judicial review of a constitutional claim challenging the "regulatory scheme itself, rather than the fee awarded in a particular case under the extant scheme."  Id. at 1049.  Thus, the Court addressed and rejected plaintiff's argument that the Social Security Act violated the Equal Protection Clause by drawing distinctions between attorneys and non-attorneys.  Id.  Similarly, the Sixth Circuit distinguished, for the purposes of 42 U.S.C. § 405(h), between "whether Congress intended to preclude review of challenges to the methods used in making [attorney] fee determinations, as opposed to precluding review of challenges to the individual fee determinations themselves."  Buchanan v. Apfel, 249 F.3d 485, 490 (6th Cir. 2001).  Thus, the Court heard and denied plaintiff's procedural and substantive due process challenges to the Commissioner's method of determining attorney fee awards.

So too here.  Plaintiff presents a claim of procedural due process, arguing that the SSA failed to provide her sufficient notice of Kerr's appeal challenging the initial amount of her attorney fee award.  Plaintiff did not receive notice of the appeal until after the appeal had been concluded.  As a jurisdictional matter, this falls within the scope of the "colorable constitutional claim" exception outlined by the Supreme Court and implemented by the Penner, Cordoba, and Buchanan courts.  Thus, this Court finds that separate and apart from the statutory restrictions on jurisdiction enumerated by the Social Security Act, this Court does have jurisdiction to address the constitutional claim – procedural due process – raised by Gottesman.

## B.    Procedural Due Process

Procedural due process involves a two-step analysis.  First, determine whether the asserted interests fall within the Fourteenth Amendment's guarantee of "life, liberty, or property"; and second, decide whether the procedures protecting those interests provide the plaintiff with due process of law.  Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984).  Here, Gottesman has an interest in a "reasonable fee" set by the Commission, though not necessarily to the exact fee outlined in her contract with Kerr.  See Moyer v. Dir., Office of Worker's Comp. Programs, 124 F.3d 1378, 1379-80 (10th Cir. 1997).  However, though Gottesman has a property interest in a reasonable fee, she fails to establish that the procedures associated with protecting that interest were constitutionally deficient.  See Buchanan, 249 F.3d at 490.

As a threshold matter, the Court sets out the procedures associated with the appeal of a determination of attorneys' fees.  Review of fee determinations is granted when the representative or the client files a written request for review within thirty (30) days of the date of the notice of the fee determination.  See 20 C.F.R. § 410.686b(e)(1).  However, where the representative or client seeking review files the request outside of the 30-day period, he or she must include an explanation as to why the application was untimely filed.  20 C.F.R. § 410.686b(e)(2).  The SSA will grant an untimely request if the person seeking review has established "good cause" for doing so.  Id.  For purposes of the review, the SSA understands "good cause" to mean "any circumstance or event which would prevent the representative or the claimant from filing the request for review within such 30-day period or would impede his efforts to do so."  Id.

Here, Ms. Mason, acting on behalf of Mr. Kerr, timely appealed the initial attorney fee award on September 19, 2006.  The SSA, however, asked her to resend the initial protest letter because they never received it.  After determining that they would review the appeal, the SSA followed procedure by giving Gottesman notice of the appeal and a chance to be heard in writing, as required by 42 U.S.C. 406(a)(3)(A).  The SSA mailed its notice to Gottesman's South Amboy address.

Gottesman's duties as an attorney practicing in front of the SSA included ensuring that the SSA was aware of her correct address – the address at which she was to receive any and all notices pertaining to her representation of clients in front of the SSA.  Ford v. Astrue, No. 06-366, 2008 WL 168890, *2 (N.D. Fla. Jan. 16, 2008) ("Clearly, it is incumbent on counsel to keep the Commissioner apprised of her current address").  The regulations set out by the SSA set forth those "affirmative duties" that the representative must undertake to execute this representation properly.  See 20 C.F.R. § 416.1540(b).  Duties include "[c]onduct[ing] his or her dealings in a manner that furthers the efficient, fair and orderly conduct of the administrative decisionmaking process."  20 C.F.R. § 416.1540(b)(3). Additionally, "[t]he regulations place an affirmative duty upon claimants and their representatives to report changes in residence or mailing address." Ford, 2008 WL 168890 at *2.

While Gottesman moved her office from the South Amboy Address to Newark in November of 2006, Gottesman herself concedes that she had no contact with the SSA between August 14, 2006 and July 1, 2008.[3]  During that time period, on March 12, 2008, well after Gottesman moved offices, the SSA sent a letter to Gottesman at the South Amboy Address with respect to Mason's protest of the attorney fee award.  Gottesman contends that she never received that letter due to the address to which it was sent, stating that she had only forwarded her mail from the South Amboy Address to the Newark Address for the period of one year as she had no reason to believe that her mail would need to be forwarded to more than that time.  Yet, as indicated earlier, Gottesman was obliged to inform the SSA – for the benefit of her client if nothing else – of her new address.  Thus, given that the SSA followed its own regulations in giving Gottesman notice of the appeal and an opportunity to be heard in response, this Court does not find that the ultimate decision suffered from a lack of due process.  The failure in the process, if any, was by Plaintiff's own design.

**IV.   <u>Conclusion</u>**

For the aforementioned reasons, this Court finds that it has jurisdiction to hear Gottesman's claim regarding a lack of procedural due process associated with the SSA's decision to reduce her attorney fee award.  Having evaluated the facts, however, the Court concludes that the SSA afforded constitutionally-sufficient due process protections to Gottesman by mailing her a notice of the appeal and an opportunity to be heard in response.  The action, therefore, is dismissed.  An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge

---

[3] <u>See</u> Compl., ¶ 37.

8